Filed: 5/23/2017 4:54:07 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 17209123

CAUSE NO. _____

366-02386-2017

| | | |
|---|---|---|
| **BARBARA CRIM** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| | § | |
| **HARTFORD FIRE INSURANCE** | § | |
| **COMPANY** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| *Defendant* | § | |

## PLAINTIFF BARBARA CRIM'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Barbara Crim, (hereinafter referred to as "Plaintiff"), complaining of Hartford Fire Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Collin County, Texas.

3. Hartford Fire Insurance Company is a (foreign) insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, (C T Corporation System), located at the following address: (1999 Bryan Street Suite 900 Dallas TX 75201).

---

EXHIBIT C

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

    jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Hartford Fire Insurance Company because Defendant is a

    (foreign) insurance company that engages in the business of insurance in the State of Texas and Plaintiff's

    causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Hartford

    Fire Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed"

    itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d

    653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Collin County, Texas, because the Property is situated in Collin County, Texas. TEX.

    CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Hartford Fire Insurance Company, (hereinafter referred to as

    "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

    is located at 1750 Millard Drive, Plano, Texas 75074.

9.  Defendant Hartford Fire Insurance Company and/or its agent sold the Policy insuring the Property to

    Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 23, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Hartford Fire Insurance Company. Plaintiff subsequently opened a claim on March 23, 2016 and Defendant Hartford Fire Insurance Company assigned an adjuster to adjust the claim.

12. On or around May 27, 2016, Plaintiff promptly reported the claim to Defendant. After conducting an inadequate inspection, Defendant sent correspondence to Plaintiff outlining the claim settlement. The explanation was very vague and ambiguous as to how The Defendant determined the amount of damages to Plaintiff's property sustained. Such conduct by Defendant violates Tex. Ins. Code §541.060(a)(3), which requires The Defendant to provide Plaintiff with a reasonable explanation of the basis in policy, in relation to the facts or applicable law, for its settlement offer. The Defendant conducted its initial inspection 03/30/2017. The results of that inspection rendered a replacement cost value (RCV) amount of 18,510.22. Appalled by this substantially low RCV determination, Plaintiff demanded that The Defendant re-inspect her property. On or around 03/28/2017, Defendant conducted its re-inspection. The results of this inspection "miraculously" rendered an RCV of 184,655.30. The gross disparity between the initial inspection and the re-inspection indicates that: 1) The Defendant failed to conduct a reasonable

investigation; and 2) failed in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear Tex. Ins. Code §541.060(a)(2)(A); (7).

13. Frustrated by The Defendant's failure to adequately assess her claim, Plaintiff was forced to bear her own costs and retain the services of a public adjuster to assess the damages to her property. The investigation by Plaintiff's public adjuster revealed that the damage to the property was in the amount of $250,225.11. The gross disparity between The Defendant's initial RCV of $18,510.22, then The Defendant's subsequent RCV of 184.655.30, and the public adjuster's RCV of $250,225.11 highlights The Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear. Tex. Ins. Code §541.060(a)(2)(A).

14. Plaintiff's public adjuster's estimate contains several pages of photos of hail damage to the entire roof, including the shingles, roof vent, ridge cap, and other vital components of the roof. The public adjuster's estimate also contains numerous photos of interior damage caused by a storm-created opening, resulting in severe water damage. The Defendant's estimate, on the other hand, accounted for only the roof damage and minimal interior damage. Such conduct by The Defendant further violates Tex. Ins. Code §541.060(a)(2)(A); (7) for failure to conduct a reasonable investigation and failing in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.

15. Additionally, public adjuster's estimate accounted for Occupational Safety and Health Administration ("OSHA") requirements. According to the public adjuster's estimate, the necessary repairs to the property would require a safety monitor, fall protection harnesses, and toeboards for worker safety as required by

the Occupational Safety and Health Administration pursuant to §1926.502. Custard's estimate did not

allow for OSHA requirements. By failing to account for necessary code compliance in its estimate, The

Defendant violated Tex. Ins. Code §§541.060(a)(2)(A) for failing to attempt in good faith to effectuate a

prompt, fair, and equitable settlement of Plaintiff's claim.

16. Thereafter, Defendant Hartford Fire Insurance Company wrongfully underpaid Plaintiff's claim and

refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

17. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned

adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to

intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed

to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not

conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim

improperly.

18. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly

conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned

adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to

place the Property in a pre-loss condition. These necessary items are covered and required under the

International Building Code and/or International Residential Code, as adopted by the State of Texas in

2001.

19. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on

buildings with "unprotected sides and edges" that "each employee on a walking/working surface

---

(horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a

lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or

personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis

added). This protection was intentionally not included or reflected within the scope of work provided by

Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed

under the Policy.

20. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly

   undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's

   claim was intentionally and knowingly underpaid.

21. Defendant's assigned adjuster acted as an authorized agent of Defendant Hartford Fire Insurance

   Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized

   by Defendant Hartford Fire Insurance Company. Plaintiff relied on Defendant and Defendant's assigned

   adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage,

   which did not happen and has not been rectified to date.

22. Defendant Hartford Fire Insurance Company failed to perform its contractual duties to adequately

   compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full

   proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount

   sufficient to cover the damaged Property.

23. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and

   representations to Plaintiff that the Property would be covered. Relying on the promises and

representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the

Policy with the belief that the Property would be covered after a severe weather event such as the one that

damaged the Property.

24.  All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished

by Plaintiff.

25.  As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional

services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these

causes of action.

## **AGENCY**

26.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

27.  All acts by Defendant Hartford Fire Insurance Company were undertaken and completed by its officers,

agents, servants, employees, and/or representatives. All such acts were either done with the full

authorization or ratification of Defendant Hartford Fire Insurance Company and/or were completed in its

normal and routine course and scope of employment.

28.  Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas

Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this

subsection are made actionable by TEX. INS. CODE § 541.151.

29. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the

definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any

individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan,

fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent,

broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added);

*see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a person for the purpose of bringing a cause of action against them

under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

31. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage.

Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property

damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted.

Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a

clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

32. Defendant Hartford Fire Insurance Company and its assigned adjuster had and owed a legal duty to

Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through

its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

A.  Defendant, individually and through its assigned adjuster, was to exercise due care in

    adjusting and paying policy proceeds regarding the Property;

B.  Defendant, individually and through its assigned adjuster, had a duty to competently and

    completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all

    adjusting activities associated with Plaintiff's damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned

    adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

33.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

    paragraphs.

34.  Defendant Hartford Fire Insurance Company's conduct constitutes a breach of the insurance contract made

    between Defendant Hartford Fire Insurance Company and Plaintiff. According to the Policy, which

    Plaintiff purchased, Defendant Hartford Fire Insurance Company had the absolute duty to investigate

    Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-

    related damages.

35.  As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite

    objective evidence of weather related damages provided by Plaintiff and her representatives, Defendant

    Hartford Fire Insurance Company breached its contractual obligations under the Policy by failing to pay

    Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with

the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential

damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

36. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

37. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that

constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas

Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

  A.  Representing that an agreement confers or involves rights, remedies, or obligations which

  it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE

  § 17.46(b)(12));

  B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final

  terms of a consumer transaction (§ 17.46(b)(14));

  C.  Failing to disclose information concerning goods or services which were known at the

  time of the transaction, and the failure to disclose such information was intended to

  induce the consumer into a transaction into which the consumer would not have entered

  had such information been disclosed (§ 17.46(b)(24));

  D.  Using or employing an act or practice in violation of the Texas Insurance Code (§

  17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

38. As described in this Original Petition, Defendant Hartford Fire Insurance Company represented to Plaintiff that her Policy and Hartford Fire Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

39. As described in this Original Petition, Defendant Hartford Fire Insurance Company represented to Plaintiff that her Policy and Hartford Fire Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

40. By Defendant Hartford Fire Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

41. Defendant Hartford Fire Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

42. Defendant Hartford Fire Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

43. Defendant Hartford Fire Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

44. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Hartford Fire Insurance Company, to her detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

45. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

46. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on

her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's

fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself

to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

47. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing

paragraphs.

48. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX.

INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage

       at issue (TEX. INS. CODE § 541.060(a)(1));

    B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of

       a claim with respect to which the insurer's liability has become reasonably clear (§

       541.060(a)(2)(A));

    C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the

       policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for

       the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and

       failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§

       541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

49. By its acts, omissions, failures and conduct, Defendant Hartford Fire Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant Hartford Fire Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

50. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Hartford Fire Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

51. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Hartford Fire Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for

Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. §
541.152.

52. As a result of Defendant Hartford Fire Insurance Company's unfair and deceptive actions and conduct,
Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue
these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and
necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE
§ 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law and in
equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

53. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54. From and after the time Plaintiff's claim was presented to Defendant Hartford Fire Insurance Company,
the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than
reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis
whatsoever on which a reasonable insurance company would have relied on to deny full payment.
Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles
v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its
insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a
thorough investigation shows that there is a reasonable basis to deny that claim).

55. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory
damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs,

---

economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages
for emotional distress.

## KNOWLEDGE

56. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as
the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages
described herein.

## DAMAGES

57. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the
producing causes of the damages sustained by Plaintiff.

58. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount
of Plaintiff's claim, together with attorney's fees.

59. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to
actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,
court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three
times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

60. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the
amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together
with attorney's fees. § 542.060.

61. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory
damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs,

economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages

for emotional distress.

62. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the

law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for

the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action,

including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff

seeks an amount in excess of the minimum jurisdictional limits of this Court.

64. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than

$1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

65. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for

additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative

provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under

TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

66. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

67. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

68. Plaintiff demands a jury trial, consisting of citizens residing in Collin County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

69. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Hartford Fire Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Hartford Fire Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.  Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in her attempt to secure insurance on the Property, which is the subject of this suit.

4.  Please produce the electronic diary, including the electronic and paper notes made by Hartford Fire Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5.  Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Hartford Fire Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Hartford Fire Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Hartford Fire Insurance Company and its assigned adjuster, and all correspondence between Hartford Fire Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Hartford Fire Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Hartford Fire Insurance Company or Hartford Fire Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Hartford Fire Insurance Company or any of Hartford Fire Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Hartford Fire Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which Hartford Fire Insurance Company received notice of the claim;

    b.    The date and manner in which Hartford Fire Insurance Company acknowledged receipt of the claim;

    c.    The date and manner in which Hartford Fire Insurance Company commenced investigation of the claim;

    d.    The date and manner in which Hartford Fire Insurance Company requested from the claimant all items, statements, and forms that Hartford Fire Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.    The date and manner in which Hartford Fire Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Hartford Fire Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please

identify what, when and why the document was destroyed, and describe Hartford Fire Insurance Company's document retention policy.

10. Does Hartford Fire Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Hartford Fire Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Hartford Fire Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe Hartford Fire Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

70. Plaintiff prays that judgment be entered against Defendant Hartford Fire Insurance Company and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant Hartford Fire Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the herself to be justly entitled.

RESPECTFULLY SUBMITTED,

/s/ Chidi Oha
MCCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Chidi Oha
State Bar No. 24094877
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Chidi@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

